An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1050

Filed 1 July 2026

Forsyth County, No. 24CVS003255-330

SAMUEL PARKINSON, Plaintiff,

v.

AK-RIPPSAW NC, LLC and JIMMIE ELLIS, Defendants.

Appeal by Plaintiff from Order entered 3 April 2025 by Judge David L. Hall in Forsyth County Superior Court. Heard in the Court of Appeals 21 April 2026.

*William E. West, Jr., for Plaintiff-Appellant.*

*Brown Crump & Tierney PLLC, by W. John Cathcart, Jr., for Defendants-Appellees.*

HAMPSON, Judge.

## Factual and Procedural Background

Samuel Parkinson (Plaintiff) appeals from an Order granting AK-Rippsaw NC, LLC and Jimmie Ellis' (collectively, Defendants) Motion to Dismiss the action for lack of personal jurisdiction. The Record before us tends to reflect the following:

On 23 March 2020, Plaintiff was assisting Defendant Ellis, the sole member-manager of AK-Rippsaw NC, LLC (Defendant Company), with repairs to the interior

netting of an indoor baseball training facility operated by Defendant Company. To reach the netting, Plaintiff sat atop some scaffolding that had been erected for the repairs. Plaintiff was working when the scaffolding suddenly collapsed, throwing him to the floor and injuring him.

On 17 March 2023, the Forsyth County Superior Court entered an order granting Plaintiff an extension to file his complaint. Plaintiff issued a civil summons that same day. On 6 April 2023, Plaintiff filed a Complaint against Defendants alleging the above facts and three claims for Negligence (the First Complaint). Plaintiff alleged Defendants caused his injury through the "negligent[ ], careless[ ], and unskill[ed]" construction of the scaffolding and through their failure to maintain safe working conditions.

Plaintiff subsequently issued alias and pluries summonses on six different occasions between 17 March 2023 and 21 May 2024. On 5 January 2024, the trial court entered an order granting Plaintiff a continuance because service had "not yet been effected" on Defendants. The trial court noted it was not discontinuing the action because Plaintiff had timely issued alias and pluries summonses. On 6 March 2024, the trial court entered a second order granting Plaintiff a continuance because "service of process has not been had upon Defendants."

On 31 May 2024, Plaintiff voluntarily dismissed the First Complaint without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. On 5 June 2024, Plaintiff refiled his Complaint and issued a civil summons in the refiled

action. There is no indication in the Record this summons was served on Defendants.

Defendants filed an Answer and Motion to Dismiss on 13 November 2024. In this filing, Defendants argued the action should be dismissed for lack of personal jurisdiction, lack of service, improper service of process, and failure to state a claim on which relief may be granted because the statute of limitations had run. In support of these assertions, Defendants also submitted the Affidavit of Jimmie C. Ellis, in which Ellis averred neither he nor Defendant Company had ever been served with summonses or the refiled Complaint.

Defendants' Motion to Dismiss came on for hearing on 31 March 2025.[1] On 3 April 2025, the trial court entered an Order granting Defendants' Motion to Dismiss and dismissed Plaintiff's refiled Complaint with prejudice. The trial court found Plaintiff failed to properly serve Defendants and, accordingly, concluded it could not exercise personal jurisdiction over Defendants.

On 23 April 2025, Plaintiff timely filed written Notice of Appeal.

## Issues

The issues on appeal are whether the trial court: (I) erred by granting Defendants' Motion to Dismiss for lack of personal jurisdiction and (II) abused its discretion by dismissing Plaintiff's refiled Complaint with prejudice.

## Analysis

---

[1] A transcript of the hearing was not included in the Record on Appeal.

I.      Motion to Dismiss

This Court reviews the trial court's determination as to whether it has personal jurisdiction over a party for "whether the findings of fact by the trial court are supported by competent evidence in the record[.]" *Bell v. Mozley*, 216 N.C. App. 540, 543, 716 S.E.2d 868, 871 (2011) (quoting *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999)). "We review de novo the issue of whether the trial court's findings of fact support its conclusion of law that the court has personal jurisdiction over defendant." *Id.* (citation omitted).

Plaintiff contends the trial court erred in granting Defendants' Motion to Dismiss for lack of personal jurisdiction. Specifically, Plaintiff argues the trial court had jurisdiction over Defendants because "service was properly effected" in his refiled action.

"Jurisdiction over the person of a defendant is obtained by service of process upon him, by his voluntary appearance, or consent." *Hale v. Hale*, 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985) (citation omitted). Although Plaintiff makes the bare assertion he "properly effected" service on Defendants, his substantive argument on appeal is effectively that the trial court had jurisdiction over Defendants by their voluntary or general appearance.[2] Specifically, Plaintiff contends Defendants: "(1) received actual notice of the lawsuit; (2) appeared through counsel; (3) filed

---

[2] To be clear, Plaintiff makes no assertion he actually served the civil summons on Defendants in the refiled action.

substantive answers; (4) submitted affidavits; and (5) briefed and argued their motions."

"A defendant makes a general appearance when she appears before a court and submits to its adjudicatory power without objecting to its jurisdiction over her." *Slattery v. Appy City, LLC*, 385 N.C. 726, 730, 898 S.E.2d 700, 705 (2024) (citation omitted). "Thus, the filing of an answer by the defendant's attorney (which constitutes a general appearance) which does not include the defense of lack of personal jurisdiction constitutes a waiver by the defendant of this defense if the defense had not been raised in a prior motion." *Grimsley v. Nelson*, 117 N.C. App. 329, 333, 451 S.E.2d 336, 338 (1994) (citations omitted), *aff'd in part, rev'd in part on other grounds*, 342 N.C. 542, 467 S.E.2d 92 (1996). However, filing an answer which includes a defense of lack of personal jurisdiction does not constitute a general appearance for purposes of waiving personal jurisdiction. *See Slattery*, 385 N.C. at 730, 898 S.E.2d at 705.

Here, Defendants filed an Answer and Motion to Dismiss in response to Plaintiff's refiled Complaint on 13 November 2024. In the Motion, Defendants expressly asked the trial court to dismiss Plaintiff's refiled Complaint for lack of personal jurisdiction. Accordingly, Defendants' filing of an answer did not constitute a general appearance or waiver of the defense of personal jurisdiction. *Cf. Grimsley*, 117 N.C. App. at 333, 451 S.E.2d at 338. Likewise, the Record shows Defendants' appearance through counsel, submission of affidavits, and briefing and arguing of

their Motion was done for the purpose of objecting to the trial court's jurisdiction. Thus, any assertion by Plaintiff that Defendants consented to the trial court's jurisdiction by making a voluntary appearance and participating in the present action is without merit.

Moreover, there is no evidence in the Record indicating Plaintiff properly effected service of process on Defendants in either action. Plaintiff filed the First Complaint on 6 April 2023 and issued alias and pluries summonses on six occasions before voluntarily dismissing the Complaint. Nothing in the Record indicates any of the alias and pluries summonses were ever served on Defendants in the first action. To the contrary, the trial court's two continuance orders entered 5 January 2024 and 6 March 2024 state Defendants had not yet been served.

Additionally, Defendant Ellis attested in a sworn affidavit neither he nor Defendant Company were served with a summons or complaint in the refiled action. Thus, the trial court's Finding there was no valid service of process in the refiled action is supported by competent evidence. *See Mozley*, 216 N.C. App. at 543, 716 S.E.2d at 871. This Finding, in turn, supports the trial court's Conclusion it lacked personal jurisdiction over Defendants. Consequently, the trial court did not err in dismissing Plaintiff's refiled Complaint.

II. Dismissal With Prejudice

Plaintiff also contends the trial court erred in dismissing the action with prejudice as it "denies Plaintiff any opportunity to pursue his claims[.]"

"The decision to dismiss an action with or without prejudice is in the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *First Fed. Bank v. Aldridge*, 230 N.C. App. 187, 191, 749 S.E.2d 289, 292 (2013) (citation omitted). " 'Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

"If an action is commenced within the statute of limitations, and a plaintiff voluntarily dismisses the action without prejudice, a new action on the same claim may be commenced within one year." *Lawrence v. Sullivan*, 192 N.C. App. 608, 621, 666 S.E.2d 175, 182 (2008) (quoting *Camara v. Gbarbera*, 191 N.C. App. 394, 396-97, 662 S.E.2d 920, 922 (2008)); *see also* N.C. R. Civ. P. 41(a)(1) (2026). "However, a plaintiff must obtain proper service prior to dismissal in order to toll the statute of limitations for a year." *Lawrence*, 192 N.C. App. at 621, 666 S.E.2d at 182 (citation omitted); *see also Latham v. Cherry*, 111 N.C. App. 871, 873, 433 S.E.2d 478, 480 (1993) ("[T]he voluntary dismissal of an action based on defective service does not toll the statute of limitations." (citations omitted)).

In the present case, Plaintiff's alleged injury occurred on 23 March 2020. As such, the statute of limitations in this case would have expired three years later on 23 March 2023, unless Plaintiff received the benefit of tolling the statute through his voluntary dismissal. *See* N.C. Gen. Stat. § 1-52(16) (2025) (personal injury actions

have a SOL of three years); *id.* § 1-15(a) (2025) (explaining statute of limitations begins to run at accrual of action). Here, Plaintiff failed to serve Defendants his First Complaint. Thus, the statute of limitations did not toll. *Lawrence*, 192 N.C. App. at 621, 666 S.E.2d at 182; *Camara*, 191 N.C. App. at 395-96, 662 S.E.2d at 921 (service was insufficient to toll statute of limitations for second action where, in first action, plaintiffs issued two alias and pluries summonses, the second of which was never served on the defendant). Therefore, when Plaintiff refiled his action on 5 June 2024, the statute of limitations had already run. Consequently, the trial court did not abuse its discretion by dismissing the refiled Complaint with prejudice. *See Lawrence*, 192 N.C. App. at 623, 666 S.E.2d at 183 (affirming dismissal of refiled action with prejudice where statute of limitations had run because plaintiff did not properly serve complaint in first action).

## Conclusion

Accordingly, for the foregoing reasons, we affirm the trial court's Order.

AFFIRMED.

Judges ARROWOOD and FLOOD concur.

Report per Rule 30(e).